IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RICHARD DEWRAY HACKFORD,<br><br>  Plaintiff,<br><br>v.<br><br>STATE OF UTAH, et al.,<br><br>  Defendants. | **REPORT AND RECOMMENDATION**<br><br>Civil No. 2:14 cv 872<br><br>Judge Robert Shelby<br><br>Magistrate Judge Brooke C. Wells |

This matter is referred to the undersigned by Judge Shelby pursuant to 28 U.S.C. 636(b)(1)(B).[1] Plaintiff Richard Hackford, who is acting pro se, filed a complaint following the court's order granting him leave to proceed *in forma pauperis*.[2] Before the court is a Motion for Service of Process.[3] The court has carefully considered Plaintiff's Amended Complaint. After doing so and as outlined below, the court recommends this case be dismissed for failure to state a claim upon which relief may be granted. The remaining motion filed by Plaintiff, therefore, should be denied or deemed moot.

STANDARDS

The court previously granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[4] Because Mr. Hackford was granted permission to proceed *in forma pauperis*, the provisions of the *in forma pauperis* statue, 28 U.S.C. § 1915, are applicable. Under § 1915 the court shall at any time, *sua sponte*, dismiss the case if the court determines that a complaint is

---

[1] Docket no. 5.
[2] Docket no. 2.
[3] Docket no. 4.

frivolous or fails to state a claim upon which relief may be granted.[5] Generally the court will not dismiss a complaint for failure to state a claim "'unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[6] In construing Mr. Hackford's Complaint, the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[7]

Mr. Hackford is proceeding pro se, so the court construes his pleadings liberally and holds his submissions to a less stringent standard than that for formal pleadings drafted by lawyers.[8] "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[9] But, it is not the court's responsibility to assume the role of advocate for Mr. Hackford.[10] The broad reading of Mr. Hackford's Complaint does not relieve him of the burden of "alleging sufficient facts on which a recognized legal claim could be based.[11] Finally, a pro se litigant is often given an opportunity to remedy the defects in their pleadings.[12] On January 7, 2015, Plaintiff was given such an opportunity when the court entered an order directing Mr. Hackford to file an Amended Complaint that complied with the Federal

---

[4] Docket no. 2.
[5] See 28 U.S.C. § 1915(e)(2).
[6] Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting Conley v. Gibson, 335 U.S. 41, 45-46 (1957)).
[7] Id.
[8] See id.
[9] Id.
[10] See id.
[11] Id.
[12] See e.g., Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990); Jaxon v. Circle K Corp., 773 F.2d 1138, 1140 (10th Cir. 1985).

Rules of Civil Procedure.[13]  On January 27, 2015, Plaintiff filed an Amended Complaint.[14]  The undersigned has carefully reviewed the Amended Complaint and with the prior principles in mind now turns to consider it.

## DISCUSSION

At the outset the court notes that Mr. Hackford seeks the following relief in his Amended Complaint.

> Hackford respectfully requests that the Court order the Secretary of the Interior to cause and issue a Secretarial Order for a comprehensive review of the Administrative Act of 1954, including all illegal and unethical BIA actions taken in the administration of Public Law 671 (68 Stat. 868), "The Ute Partition and Termination Act" of August 27, 1954 and issue a comprehensive "Plan" that will reveal the facts surrounding the illegal inclusion of the 455 members of the Uinta Valley Shoshone Tribe who were illegally and falsely listed on the Mixed blood Roll of the Northern Ute Tribe in 1956; that the Secretary should restore said 455 Uinta Valley Shoshone Tribe members to their proper and lawful status and to finally bring said Act into full compliance with all applicable federal laws.[15]

The court cannot grant this relief to Mr. Hackford.

In addition, the court has carefully reviewed the claims made by Mr. Hackford and finds they fail to state a claim upon which relief may be granted.  For example, Mr. Hackford asserts the Ute Indians are not a federal tribe referencing an agreement between the tribe and the United States made in 1880 and the alleged fact that the Uinta Valley Shoshone Tribe was only allowed to participate in the 1934 Indian Reorganization Act but not the Ute Tribe.  These agreements were made a number of years ago and the court lacks the authority to rewrite them as Mr. Hackford desires.  Further, there is no evidence of unlawful collusion between the Ute Tribe and any religions organization headquartered in the State of Utah.  In short, Mr. Hackford's

---

[13] Docket no. 6.  *See McKinney v. State of Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).
[14] Docket no. 7.
[15] Amended Complaint p. 13 ¶24, docket no. 7.

Amended Complaint makes many assertions without providing much in the way of substantiating facts or evidence and this court cannot grant relief on those assertions.

RECOMMENDATION

Based upon the foregoing, the court recommends that Mr. Hackfords's Amended Complaint be DISMISSED and the remaining Motion for Service of Process be denied or deemed moot.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within 14 days after being served with a copy.[16] Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 4th day of February, 2015.

*[signature]*

Brooke C. Wells
United States Magistrate Judge

---

[16] *See* Fed. R. Civ. P. 72(b)(2).

4